**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **W. SILVER RECYCLING, INC.** | ) | |
| **Plaintiff,** | ) | |
| **-vs-** | ) | **No.: 3:18-cv-00710** |
| **PROTRADE STEEL COMPANY, LTD.,** | ) | **JUDGE: TRAUGER** |
| | ) | **MAGISTRATE:** |
| **Defendant.** | ) | |
| | ) | **(Jury Demand Endorsed Hereon)** |
| **PROTRADE STEEL COMPANY, LTD.** | ) | |
| **Third-Party Plaintiff** | ) | |
| **-vs-** | ) | |
| **SOUTHERN RECYCLING, LLC** | ) | |
| **Third-Party Defendant** | ) | |

**ANSWER AND THIRD PARTY COMPLAINT OF PROTRADE STEEL COMPANY, LTD.**

## I. ANSWER

ProTrade Steel Company, Ltd. ("ProTrade"), by and through counsel, answers Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1. ProTrade denies for want of knowledge or information sufficient to state the truth or veracity of the allegations as contained in Paragraph 1 of Plaintiff's Complaint.

2. ProTrade admits it is an Ohio Limited Liability Company, and the address of its principal place of business. ProTrade admits none of its members are citizens of Texas. ProTrade denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Paragraph 3 of Plaintiff's Complaint states legal conclusions to which no response is required. ProTrade denies all allegations not expressly admitted.

4. Paragraph 4 of Plaintiff's Complaint states legal conclusions to which no response is required. ProTrade denies all allegations not expressly admitted.

5. Paragraph 5 of Plaintiff's Complaint states legal conclusions to which no response is required. ProTrade denies all allegations not expressly admitted.

## FACTS

6. Upon information and belief, ProTrade admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. ProTrade admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. ProTrade admits it agreed to purchase barge #AEP 7232. The terms of that purchase are governed by a written contract, ProTrade's Purchase Contract #106791, including ProTrade's terms and conditions of purchase, attached hereto as Exhibit "1". The terms of that contract speak for themselves. ProTrade denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. ProTrade admits that at the time of purchase, it was aware the barge had been previously rejected. ProTrade denies the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. ProTrade admits it intended to sell the scrap metal to a company located in Clarksville, Tennessee. ProTrade denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. ProTrade admits the invoice referenced in Paragraph 11 of Plaintiff's Complaint was sent to ProTrade on or about August 29, 2017. ProTrade denies the remaining allegations

contained in Paragraph 11 of Plaintiff's Complaint.

12. ProTrade admits the Clarksville company rejected the contents of barge #AEP 7232. ProTrade denies all remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. ProTrade admits that it paid $265/gross ton less freight and demurrage from Mobile, Alabama to Clarksville, Tennessee for the scrap metal, consistent with the terms of the contract. ProTrade denies all remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. ProTrade admits it has paid Silver $272,091.24. ProTrade denies all remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. ProTrade denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

**GENERAL ALLEGATIONS**

**COUNT I**

16. ProTrade incorporates its responses to Paragraphs 1 through 15 of Plaintiff's Complaint as if fully set forth herein.

17. ProTrade admits that ProTrade and Silver entered into a written contract, which is attached hereto as Exhibit "1". The terms of that document speak for themselves. ProTrade denies all remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. ProTrade admits Silver provided barge # AEP 7232 to ProTrade for delivery to Clarksville, Tennessee. ProTrade denies all remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. ProTrade denies the allegations contained in Paragraph 19 of Plaintiff's

Complaint.

20. ProTrade denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

**COUNT II**

21. ProTrade incorporates its responses to Paragraphs 1 through 20 of Plaintiff's Complaint as if fully set forth herein.

22. ProTrade admits Silver provided it with the contents of barge #AEP 7232. ProTrade denies all remaining allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. ProTrade admits Silver provided it with the contents of barge # AEP 7232. ProTrade denies all remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. ProTrade denies the allegations contained in Paragraph 24 of Plaintiff's Complaint. The parties' agreement was reduced to a written contract, attached hereto as Exhibit "1". The terms of that document speak for themselves.

25. ProTrade denies the allegations contained in Paragraph 25 of Plaintiff's Complaint, including the allegation that the parties had any implied contract.

26. ProTrade denies the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27. ProTrade denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

**COUNT III**

28. ProTrade incorporates its responses to Paragraphs 1 through 27 of Plaintiff's Complaint as if fully set forth herein.

29. ProTrade denies the allegations contained in Paragraph 29 of Plaintiff's

Complaint.

30. ProTrade denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. ProTrade denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. ProTrade denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

**COUNT IV**

33. ProTrade incorporates its responses to Paragraphs 1 through 32 of Plaintiff's Complaint as if fully set forth herein.

34. ProTrade admits Plaintiff provided it with the contents of barge # AEP 7232. ProTrade denies all remaining allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. ProTrade denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. ProTrade denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.

37. ProTrade denies the allegations contained in Paragraph 37 of Plaintiff's Complaint.

**PRELIMINARY STATEMENT**

No discovery has been conducted to date in the above captioned civil action. In order to preserve important legal rights and protections, ProTrade sets forth below certain affirmative defenses which, based upon the information set forth in Plaintiff's Complaint, it believes do or may apply to some or all of the claims raised thereon. ProTrade reserves the right to withdraw or

modify some or all of the affirmative defenses set forth below, in whole or in part, depending on the outcome of discovery in this civil action.

In further answer to Plaintiff's Complaint, ProTrade states as follows:

**AFFIRMATIVE DEFENSES**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, ProTrade hereby pleads its affirmative defenses in this action as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted and/or fails to state facts upon which relief can be granted.

2. Plaintiff's Complaint does not state its claim for negligent misrepresentation with the particularity required by Federal Rule of Civil Procedure 9(b).

3. The ultimate consumer to which this material was to be sold rejected the material. Under the terms of the parties' contract, attached as Exhibit "1", rejection by the ultimate consumer permits ProTrade to cancel the contract.

4. Although the material was rejected by the ultimate consumer, ProTrade offered to purchase it from Plaintiff at a lower price, and Plaintiff accepted that offer.

5. By shipping the material, Silver agreed to accept the terms and conditions of the contract attached as Exhibit "1", including the provision that rejection by the ultimate consumer entitles ProTrade to void the contract.

6. The parties' contract permits ProTrade to cancel the contract or obtain the right to a set-off in the event of non-conforming material. The material furnished by Plaintiff was non-conforming, so ProTrade was entitled to a set-off against the amount owed to Plaintiff.

7. Pursuant to the parties' contract, Ohio law is applicable to this transaction.

8. ProTrade was entitled to sell the goods and demand reimbursement from Plaintiff

for properly rejected goods under O.R.C. § 1302.62.

9. Pursuant to O.R.C. § 1302.01, et. seq., ProTrade's terms and conditions were incorporated into any contract between the parties.

10. Plaintiff sold Defendant defective goods in violation of the implied warranty of merchantability contained in O.R.C. § 1302.27.

11. Plaintiff sold Defendant defective goods in violation of the implied warranty of fitness for a particular purpose contained in O.R.C. § 1302.28.

12. Plaintiff's unjust enrichment claim fails because the parties had a written contract.

13. Plaintiff has failed to mitigate its damages.

14. Plaintiff's damages, if any, were created by intervening or superseding causes.

15. W. Silver concealed material facts regarding the condition of the goods. The defense of fraudulent misrepresentation therefore bars W. Silver's claims.

16. W. Silver concealed material facts regarding the condition of the goods. The defense of unclean hands therefore bars W. Silver's claims.

17. W. Silver accepted payment of $272,091.24. The defense of accord and satisfaction applies.

18. ProTrade demands a jury of the maximum amount of jurors allowed by law to try all issues so triable.

19. ProTrade moves this Court for permission to amend this Answer and plead its defenses more specifically at the conclusion of its investigation and discovery proceedings.

ProTrade, having fully answered, requests Plaintiff's Complaint be dismissed with prejudice at Plaintiff's cost, that this Court award ProTrade its attorney's fees and costs herein, and for all other legal and equitable relief this Court finds appropriate and just.

## II. THIRD-PARTY COMPLAINT

ProTrade, assuming the role of Third-Party Plaintiff and pursuant to Fed. R. Civ. P. 14, brings a Third Party Complaint against Southern Recycling, LLC, states as follows:

1. ProTrade is an Ohio limited liability company, with its principal place of business in Ohio.

2. ProTrade is in the metals brokerage business, and frequently enters into contracts to purchase scrap metal from a company with available inventory and sell the same to a company in need of such metal.

3. Southern Recycling , LLC ("Southern") is a Delaware corporation with its principal place of business in Tennessee.

4. Southern operates metal processing facilities in Nashville, Tennessee and Bowling Green, Kentucky, as well as a barge loading facility in Clarksville, Tennessee.

5. This Court has jurisdiction over this matter under 28 U.S.C. § 1332, as the parties are citizens of different states and the amount in controversy exceeds $75,000.

6. This Court also has jurisdiction over this matter under 28 U.S.C. § 1367, as this claim is so related to the claims in the original action that it forms part of the same case or controversy.

7. This Court has personal jurisdiction over Southern under T.C.A. §§ 20-2-214(a)(1) and 20-2-223(a)(1), because Southern contracted for delivery of the goods at issue to its barge loading facility in Clarksville, Tennessee.

8. On or about August 29, 2017, ProTrade entered into a contract for ProTrade to sell, and Southern to purchase, the contents of Barge # AEP 7232, at the price of $365 per gross ton delivered.

9. ProTrade had, at the same time, contracted for W. Silver to sell, and ProTrade to buy the same materials, approximately 1,302.27 gross tons, at a price of $335 per gross ton plus freight of $29,900.07, leaving ProTrade with an expected profit of seven dollars and four cents ($7.04) per gross ton, or approximately $9,168.03.

10. The scrap metal on Barge #AEP 7232 consisted primarily of metal busheling, which had previously been rejected by a steel mill in Mobile, Alabama.

11. Before attempting to find a buyer for the metal, ProTrade inquired as to its condition and the reasons for rejection. W. Silver provided ProTrade with photographs of the scrap metal, and informed ProTrade that it was rejected only because some of the busheling was classified as "oversized."

12. On August 25, 2017, ProTrade informed Southern that it had access to a barge of busheling material which had been previously rejected due to "oversized" components, and offered to sell Southern the metal for $385 per gross ton.

13. John Felloneau, Southern's president, reviewed the photographs of the barge and concluded that "it will take quite a bit to sort and process", offering instead to pay $365 per gross ton. ProTrade accepted this offer.

14. ProTrade issued a Sale Contract dated August 29, 2017, a copy of which is attached as Exhibit "2".

15. The Sale Contract incorporated ProTrade's terms and conditions, a copy of which are attached as Exhibit "3".

16. The ProTrade Terms and Conditions warrant only that the material will conform to the description on the face of the contract "with variations in size, composition, and quality consistent with norms in the trade." The Terms and Conditions specifically, and conspicuously,

disclaim any other implied warranty.

17. Southern accepted the terms of the Sale Contract and Terms and Conditions by agreeing to the price stated therein and instructing ProTrade to transport the metal to its Clarksville barge loading facility.

18. ProTrade proceeded to transport the barge from Mobile, Alabama to Clarksville, Tennessee.

19. Due to lock failures outside of ProTrade's control, the barge left Mobile on or about August 31, 2017 but did not arrive in Clarksville until September 22, 2017.

20. While the barge was in transit, the market price for metal busheling fell by approximately $40 per gross ton.

21. The barge arrived in Clarksville on September 22, 2017. On September 28, 2017, Southern informed ProTrade that it was rejecting the material and would be willing to pay $260 per gross ton, instead of the contract price.

22. ProTrade inspected the material and informed Southern that it believed the rejection was improper.

23. Faced with Southern's refusal to pay contract price, and W. Silver's refusal to reduce its sale price, ProTrade was left to determine what should be done with a barge of scrap metal which was daily accruing additional demurrage charges. ProTrade opted to exercise its rights under the contract with W. Silver to downgrade the materials and pay $265 per gross ton, and accept payment of $270 per gross ton from Southern, the most Southern would willingly pay under the circumstances.

24. Southern's refusal to pay contract price placed ProTrade in an impossible position, and its acceptance of $270 per gross ton was made under duress.

**COUNT I – BREACH OF CONTRACT**

25. ProTrade incorporates the allegations contained in Paragraphs 1 through 24 hereof as if fully set forth herein.

26. Southern's refusal to pay the contracted price for the metal on Barge #AEP 7232 was a breach of its contract with ProTrade.

27. Southern has no excuse for the refusal, as any warranties as to the condition of the scrap metal are specifically and prominently disclaimed in the terms and conditions.

28. As a result of Southern's refusal to pay the contracted price, ProTrade suffered damages in the form of lost sales, demurrage fees, barge clean-out costs, expected profit, and future business with W. Silver Recycling, Inc.

**COUNT II – EQUITABLE INDEMNITY**

29. ProTrade incorporates the allegations contained in Paragraphs 1 through 28 as though fully set forth herein.

30. At all times relevant hereto, Southern was aware it was purchasing metals being provided by a third party and that ProTrade did not warrant the condition of those metals.

31. Before agreeing to pay the contracted price of $365 per gross ton, Southern was aware of the condition of the metals on Barge #AEP 7232 and had seen pictures thereof.

32. Southern's refusal of the metals on Barge # AEP 7232 left ProTrade no choice but to exercise its rights to downgrade the materials under its contract with W.Silver.

33. To the extent W. Silver has a valid claim, it was brought about by Southern's improper refusal of the metals, and Southern is therefore legally responsible for the damages claimed.

The above considered, ProTrade requests the following relief:

1. That it be awarded compensatory damages in the amount of its lost sales, demurrage fees, barge clean-out costs, expected profit, and lost future sales to W. Silver, an amount not to exceed $250,000;

2. That the Court hold that ProTrade is entitled to indemnity from Southern, and that Southern is legally liable for any damages which may be due to W. Silver;

3. That ProTrade be awarded its attorneys' fees and costs herein;

4. That a jury of the maximum number allowed by law be empaneled to hear and decide this matter; and

5. That this Court award ProTrade such other and further relief to which it is entitled.

Respectfully submitted,

s/J. Christopher J. Schroeck

J. BRITT PHILLIPS, #20937
CHRISTOPHER J. SCHROECK, #31875
**Sutter O'Connell Co.**
341 Cool Springs Blvd Suite 430
Franklin, TN 37067
(615) 771-5008
(615) 771-1080 – Facsimile
e-mail: bphillips@sutter-law.com
cschroeck@sutter-law.com

*Counsel for ProTrade Steel Company, Ltd..*

**JURY DEMAND**

Now comes Defendant, by and through counsel, and herein demands a trial by a jury composed of the maximum number of jurors allowed by law.

s/Christopher J. Schroeck
CHRISTOPHER J. SCHROECK

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2018, a copy of ProTrade's **Answer and Third Party Complaint** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system:

Thomas H. Dundon – tdundon@nealharwell.com
Jeffrey A. Zager – jzager@nealharwell.com
1201 Demonbreun Street, Suite 1000
Nashville, TN 37203

s/Christopher J. Schroeck
CHRISTOPHER J. SCHROECK